UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) Cause No. 1:23-cr-00193-JPH-MG |
| THOMAS CADE MARTIN, | ) |
| | ) |
| Defendant. | ) |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, by counsel, Zachary A. Myers, United States Attorney for the Southern District of Indiana, and, Tiffany J. Preston, Assistant United States Attorney ("the Government"), hereby submits the following Sentencing Memorandum in support of a sentence of 240 months on Count 1, and 35 months on Count 2, to be served consecutively, for a total sentence of 275 months, which is a within guidelines sentence, followed by an agreed 20-year term of supervised release in the above-captioned matter.

**I.     Introduction**

Thomas Cade Martin ("Martin") met a fifteen year old child on a social media application. Using online messaging, Martin lied about his age and identity, and groomed Minor Victim 1 to believe that they were in relationship. Then, knowing that he was 15 years' old, Martin, who was then 25, arranged to meet Minor Victim 1 for oral and anal sexual intercourse. During those meetings, Martin sexually exploited Minor Victim 1, by producing child pornography of Minor Victim 1 engaged in sexually explicit conduct, and then distributed those images and videos to Minor Victim 1. Martin's criminal conduct was discovered by Minor Victim 1's mother who

1

reported it to law enforcement. His conduct has caused significant trauma to Minor Victim 1 and his family. A total sentence of 275 months is sufficient, but not greater than necessary to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, protect the community from Martin, and to afford adequate deterrence to criminal conduct.

## II. Procedural Background

On December 28, 2022, Martin was charged with Sexual Exploitation of a Minor and Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct. On December 15, 2023, a two-count Information was filed charging Martin with Distribution of Visual Depictions of Minors Engaged in Sexually Explicit Conduct and Possession of said visual depictions. The parties filed and Amended Petition to Plead Guilty to those two counts. As set forth in the plea agreement, Martin also admitted to a stipulated offense, namely, that Martin Sexually Exploited Minor Victim 1 under Title 18, United States Code, Section 2251(a). Sentencing is scheduled for May 29, 2024 at 9:30 a.m.

## III. The Presentence Investigation Report

The Revised Final Presentence Investigation Report ("PSR") correctly concluded that Martin's offense level is 39, and he has a criminal history category of I. (Dkt. 59). Based upon a total offense level of 39 and a criminal history category of I, the guideline imprisonment range is 262 to 327 months. However, the statutory maximum sentence on Count 1 is 240 months, and the statutory maximum sentence on Count 2 is 120 months. Therefore, the guideline range for Count 1 is 240 months, and the guideline range for Count 2 is 120 months. As set forth in the plea agreement, the defendant understands that the Court may sentence him to consecutive terms of imprisonment pursuant to 18 U.S.C. § 3584 and United States Sentencing. To date, the parties have no objections to the Revised PSR or the Sentencing Guideline Calculations.

**IV.     Title 18, United States Code, Section 3553(a) Factors**

**A. The Nature and Circumstances of the Offense**

Thomas Cade Martin met Minor Victim 1 on a social media application called Grindr. Minor Victim 1 was born in November 2006, and was fifteen when Martin began communicating with him online using Instagram and Snapchat, as well as other messaging applications. Initially, Martin lied about his identity and age, and mispresented that his name was Knox Satriano and that he was 22 years' old, when in fact Martin was 25 years' old. Martin did so to persuade, induce, entice, or coerce Minor Victim 1 to engage sexually explicit conduct. Minor Victim 1 also initially lied about this age, and told Martin that he was 18. Later on, however, Minor Victim 1 admitted that he was 15 years of age. Minor Victim 1 recalled Martin saying words to the effect that it was good that the victim found the suspect instead of some other "creeper" out there.

During their online communications, Martin arranged to meet Minor Victim 1 on November 4, 2022, at a location near Carmel City Center, in Carmel, Indiana. Martin knew that Minor Victim 1 was 15 when he arranged the meeting. On the same day they met near the Carmel City Center, Martin transported Minor Victim 1 to his apartment on Rangeline Road in Carmel. Two other men were present. Once there, Martin had oral and anal sexual intercourse with Minor Victim 1 in each of the two bedrooms in the apartment.

Martin groomed Minor Victim 1 online and in person by lying about his age and background, and by buying Minor Victim 1 clothing and other items. Martin also purchased dinner and a birthday cake for Minor Victim 1 when he turned sixteen years' old.

On or about November 8, 2022, Martin again engaged in sexual intercourse with Minor Victim 1. Martin used his Apple iPhone 11 Pro Max to produce the following live images that created a three-second video knowing that Minor Victim 1 was fifteen years' old:

A. A file labeled IMG_7323.HEIC that created an approximately three second moving image depicting Minor Victim 1 sitting entirely nude and cross legged in the bathtub at the Rangeline Road apartment. Minor Victim 1's face, penis, and scrotum are the focal point of the moving image.

B. A file labeled IMG_7322.HEIC that created an approximately three second moving image depicting Minor Victim 1 sitting entirely nude and cross legged in the bathtub, located at the Rangeline Road apartment. Minor Victim 1's body and penis are the focal point of the moving image.

C. A file labeled IMG_7325.HEIC that created an approximately three second moving image depicting Minor Victim 1 sitting entirely nude and cross legged in the bathtub, located at Rangeline Road apartment. Minor Victim 1's body and penis are the focal point of the moving image.

D. A file labeled IMG_7326.HEIC that created an approximately three second moving image depicting Minor Victim 1 sitting entirely nude and cross legged in the bathtub, located at the Rangeline Road apartment. Minor Victim 1's body and penis are the focal point of the moving image. IMG_7326.HEIC appeared to have been taken by a second person. The second person is standing in front of Minor Victim 1 holding his penis, and Minor Victim 1 is seen tapping the second person's legs with his hands.

Martin then arranged for Minor Victim 1 to come to his apartment again on November 11, 2022, to engage in sexual intercourse, and sleep there.

On or about November 11, 2022, Martin distributed the above files to Minor Victim 1 for the purpose of persuading, inducing, enticing, or coercing the minor to engage in any illegal activity—namely, Sexual Misconduct With a Minor under Indiana Code, 35-42-4-9, and Sexual Exploitation of a Child under Title 18, United States Code, Section 2251(a).

Subsequent to distributing the above sexually explicit files to Minor Victim 1, and on November 16, 2022, Martin engaged in sexual intercourse with Minor Victim 1, and produced an image file that depicted Minor Victim 1 sitting on a bed with his legs spread with the focal point of the image being Minor Victim 1's exposed anus.  The name of the image was IMG_7416.JPG and was located on Martin's Apple iPhone 11 Pro Max. The image depicts Minor Victim 1 lying on his back with no clothes on and his feet in the air. Minor Victim 1 is seen giving the "peace" sign in front of his face, and is shown wearing a pearl necklace. Minor Victim 1's exposed penis, scrotum, and anus are the focal point of the image.  Martin also produced IMG_7417 which was an edited version of IMG_7416 that constituted child pornography.  Martin further produced an image entitled IMG_7327 which depicted Minor Victim 1 engaged in sexually explicit conduct.

Accordingly, and as admitted in the factual basis of his plea agreement, Martin sexually exploited Minor Victim 1, engaged in sexual intercourse with Minor Victim 1, distributed images and video files depicting the exploitation to Minor Victim 1, and possessed those image and video files.

A few days later, Minor Victim 1 told his mother what had happened to him, and Minor Victim 1's mother contacted law enforcement.  Officers then pieced together information obtained from Minor Victim 1, uber receipts, video footage and other evidence to correctly identify Martin, and then obtain authority to search his devices.

### B. History and Characteristics of the Defendant

In mitigation, Martin has an uncorroborated history of abuse by a stepparent. He served in the United States Marine Corps and attained the rank of Lance Corporal. He received a "general under honorable discharge" after three years of service for espousing extremism and promoting political extremist ideology.

Other matters in mitigation and aggravation will be addressed at sentencing.

### C. Reflect the Seriousness of the Offense

This offense is serious. Martin sexually abused and exploited a 15 year old boy having gained his adoration and trust online. These cases have a significant impact on victims and their families. A serious sentence is warranted when a crime involved a child who was sexually victimized. This is the type of crime that stays with those victims for a lifetime.

### D. Afford Adequate Deterrence

General deterrence is a significant factor in online cases of child enticement. The frequency of this type of criminal conduct in the country in general and the Southern District of Indiana in particular demands a serious sentence to deter this behavior and send a message to others contemplating committing crimes against children that this conduct will not be tolerated.

Although Martin there is no evidence that Martin is a pedophile, there is evidence that he is a hebephile, and has a sexual interest in children who are pubescent. Those children are online, every day, and must be protected from those who would exploit their vulnerability. Specific and general deterrence is of great importance here.

### V. Restitution

The defendant agrees to pay Minor Victim 1, as identified in the stipulated factual basis below, $10,000 for the harm he proximately caused to Minor Victim 1 as a result of his criminal offenses.

### Conclusion

A sentence of 240 months on Count 1, and 35 months on Count 2, to be served consecutively, for a total sentence of 275 months, which is a within guidelines sentence, followed by an agreed 20-year term of supervised release is sufficient, but not greater than necessary, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, protect the community from Martin, and to afford adequate deterrence to criminal conduct.

                    ZACHARY A. MYERS
                    United States Attorney

By:  */s/ Tiffany J. Preston*
      Tiffany J. Preston
      Assistant United States Attorney
      Office of the United States Attorney
      10 W. Market St., Suite 2100
      Indianapolis, Indiana 46204-3048
      Telephone: (317) 226-6333
      Email: Tiffany.Preston@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on May 22, 2024, a copy of the foregoing GOVERNMENT'S SENTENCING MEMORANDUM was filed electronically. Parties may access this filing through the Court's system. Notice of this filing will be sent to the parties by operation of the Court's electronic filing system. A copy has also been provided to counsel of record via electronic mail.

By: */s/ Tiffany J. Preston*
Tiffany J. Preston
Assistant United States Attorney
Office of the United States Attorney
10 W. Market St., Suite 2100
Indianapolis, Indiana 46204-3048
Telephone: (317) 226-6333
Email: Tiffany.Preston@usdoj.gov