UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:23-CR-00193- JPH-MG |
| | ) |
| THOMAS CADE MARTIN, | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT THOMAS CADE MARTIN'S SENTENCING MEMORANDUM

### I.

### INTRODUCTION AND BACKGROUND OF THIS CASE

When Thomas Cade Martin (Mr. Martin) was twenty-five (25) years old, he had a brief sexual relationship with a fifteen (15) year old male (MV1) who he initially met on an adult dating website called Grindr. [PSIR Dkt. 59 ¶ 22]. Mr. Martin took pornographic pictures of MV1, which he sent to MV1. Shortly thereafter, Mr. Martin was arrested and charged in Hamilton County, Indiana, and then in this Court. At the time of the sentencing hearing in this case, Mr. Martin will have served sixteen (16) months and twenty-three (23) days at Henderson County Jail. While serving his time, Mr. Martin received a letter of commendation from the Chief Deputy of Administration at Henderson County Detention Center for his selfless actions administering CPR to a cell mate during a medical situation prior to the first responding deputy arriving on the scene. [PSIR Dkt. 59 ¶¶ 3-7, See also Exhibit 1, Letter from Henderson County Detention Center] Consistent with his prior military service, this is another example of one of Mr. Martin's defining characteristics; he is willing to serve those in need.

Mr. Martin came from a fractured home where he was physically, sexually and emotionally abused by his former stepfather. At the time of the offense, he was living a very transient lifestyle, which left him living with his then boss in Carmel, Indiana. [PSIR Dkt. 59 ¶ 87]. As will be discussed in more detail later, there are sadly no shortage of cases in this district where a young man has had a romantic sexual relationship with a minor. To avoid an unwarranted sentencing disparity with these cases, we are respectfully asking the Court to vary downward from the Sentencing Guidelines in this case and sentence Mr. Martin to no more than ten (10) years incarceration.

## II.
## THOMAS CADE MARTIN'S HISTORY AND CHARACTERISTICS

Mr. Martin is now twenty-eight (28) years old and is the son of Billy Thomas Martin, Jr. and Terra Joelle (Satriano). His parents divorced when he was only four years old. [PSIR Dkt. 59 ¶ 82]. Mr. Martin lived primarily with his mother. Shortly after her divorce his mother remarried. His mother's new husband was verbally, physically, and sexually abusive toward Mr. Martin while his mother was at nursing school. [PSIR Dkt. 59 ¶ 82]. After approximately four years of enduring the abuse, Mr. Martin finally told his stepmother Kimberly Martin about the abuse. [PSIR Dkt. 59 ¶ 83]. After being removed from the abusive home, Mr. Martin was enrolled in counseling but only participated in counseling for a few months. [PSIR Dkt. 59 ¶ 91]. This did not provide Mr. Martin enough time to work through the abuse and trauma. In her letter his sister Belinda VandeHey speaks on the impact this abuse has had on Mr. Martin:

> I believe that having experienced such an outstanding level of trauma, especially during the most formative years, has the ability to egregiously affect the physical health of the brain in a multitude of ways- specifically in the region that regulated our executive function, i.e. decision making and stress management. I believed that Cades' mind has been held hostage by these same effects due to the severe trauma he was forced to endure.

[See Exhibit 2, p. 1-2, Letter of BelindaVandehey]

Even after all of the abuse and trauma Mr. Martin experienced there are still people who have great things to say about his character. Mr. Martin's stepsister Katileena Rosburg recalls a few of Mr. Martin's characteristics:

> Starting from a young age, Cade has always demonstrated a level of loyalty, integrity, compassion, and responsibility to this work, family, friends, neighbors, strangers and even to those who hurt him in some capacity…One thing I admire the most about Cade, is that he always been able to find the best in people and has always been the first to forgive and look past the mistakes made by those who may have hurt him.

[See Exhibit 2, p. 3-4, Letter of Katileena Rosburg]

In her letter, Mr. Martin's stepmother discusses what she witnessed as another one of his strong characteristics she admires.

> Thomas has a huge heart and goes every extra mile it takes to help others in their time of need, putting them first, more times than not, while putting his own needs and desires aside, as I have witnessed time and time again.

[See Exhibit 2, p. 5-7, Letter of Kimberly Martin]

As a child Mr. Martin always had trouble focusing and with impulse control, which he acknowledges. [PSIR Dkt. 59 ¶ 92]. In school he was placed in special education classes. [PSIR Dkt. 59 ¶ 91]. Mr. Martin's mom always believed that he had a learning disability, Asperger syndrome, and /or attention deficit hyperactivity disorder; however, he was never tested. [PSIR Dkt. 59 ¶ 97].

From a young age Mr. Martin knew he wanted to join the miliary and was a very patriotic person. In 2017 he enlisted in the United States Marine Corps where he attained the rank of lance corporal. The Marine recruiter who recruited Mr. Martin reflects on his time in the Marines:

> …his time while in the delayed entry program (DEP and his time in the Marine Corp during various training exercises. Throughout this time, Cade showed great compassion and dedication to self-development of not only himself, but others as well, as he always sought to make a meaningful and positive impact on everyone that he ran into, regardless of how they may have felt about him.

[See Exhibit 2, p. 8, Letter of Justin Seebeck]

In September 2020, Mr. Martin was discharged from the Marines under "general honorable conditions".  [PSIR Dkt. 59 ¶ 102]. In her letter Mr. Martin's mom, Terra Bridges discusses how the end of his military career affected him.

> When Cade's miliary career in the Marine Corp ended, it seemed as though Cade lost his purpose in one sense, but because he is such a strong person with impressive adaptation, he immersed himself into private security work and was quite good at it. I saw a video where Cade administered first aid to a man that had suffered a gun shot would and saved his life.

[See Exhibit 2, p. 9-10, Letter of Terra Bridges]

### III.

### THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

Mr. Martin fully accepts responsibility for the offense and will not make an excuse for meeting the victim on an adult dating website and having sex with him on three (3) occasions, including taking pornographic pictures of the victim. Mr. Martin is remorseful for his actions and would welcome the opportunity for treatment to address the sexual, physical and psychological trauma he experienced at a very young age, as well as the criminal behavior that brought him to this Court.

### IV.

### THE NEED TO REFLECT THE SERIOUSNESS OF THE OFFENSE, PROMOTE RESPECT FOR THE LAW AND TO PROVIDE JUST PUNISHMENT

Given Mr. Martin's individual circumstances, a sentence of imprisonment for even the minimum of five (5) years followed by the agreed upon twenty (20) year term of restrictive

supervised release would demonstrate the seriousness of the offense, would promote respect for the law and provide just punishment for the offense. It is accepted by the psychology community and the Department of Justice that restrictive supervised release is effective at reducing the risk of recidivism and protecting the public. [Chapter 8: Sex Offender Management Strategies | Office of Sex Offender Sentencing, Monitoring, Apprehending, Registering, and Tracking (ojp.gov)](#) (last accessed on May 21, 2024). Therefore, we ask the Court to strongly consider Mr. Martin's joint recommendation with the Government of a twenty (20) year term of supervised release [PSIR Dkt. 59 ¶ 14], in determining whether to vary downward from the Sentencing Guidelines when imposing a sentence of incarceration for Mr. Martin.

## V.
## TO AVOID UNWARRANTED SENTENCING DISPARITIES

The Seventh Circuit has instructed that sentencing courts should avoid unwarranted sentencing disparities among defendants with similar records and criminal conduct both within and across the federal districts. *United States v. Moore*, 50 F.4th 597, 603 (7th Cir. 2022). There are examples of similar criminal conduct by young men without criminal histories in the Southern District of Indiana. At the high end of the sentences in these cases is a fourteen (14) year sentence of incarceration followed by a fifteen (15) year term of supervised release imposed by this Court for a high school basketball coach that carried on illicit relationships with three (3) high school students, including persuading a fifteen (15) year old student to send pornographic pictures of herself to the defendant who planned to meet the victim to have sexual intercourse right before he was arrested. [See Exhibit 3, IndyStar Article] After his criminal conduct was discovered, the defendant attempted to persuade the minor victim to help him cover his tracks. [See Exhibit 3, IndyStar Article]. Another case involving a coach who had a sexual relationship with a seventeen (17) year old student with whom he was in a romantic relationship resulted in a nine (9) year prison

sentence that has since been reduced to eight (8) years. [See Exhibit 4, IndyStar Article and Modification Agreement]. Finally, on the low end of the sentences researched is a three (3) year prison sentence imposed on a forty (40) year old teacher and coach who had a sexual relationship with a juvenile student and persuaded her to send pornographic pictures of herself to the defendant. [See Exhibit 5, IndyStar Article and Probable Cause Affidavit]. A sentence of incarceration not to exceed ten (10) years in this case would avoid an unwarranted sentencing disparity with these sorts of cases.

## VI.
## THE NEED TO PROVIDE RESTITUTION

As noted in the plea agreement, Mr. Martin has agreed to pay no less than $10,000 to the victim in this case. [Revised Plea Agreement Dkt. 55, p. 7, ¶¶ 14]

## VII.
## CONCLUSION

For these reasons, Thomas Cade Martin, by counsel, respectfully requests that this court impose a sentence of no more than ten (10) years incarceration to be followed by a twenty (20) year term of supervised release. Consistent with the PSIR, Mr. Martin asks the Court not to impose any fine in this case. [PSIR Dkt. 59 ¶ 106].

Respectfully submitted,

By: */s/ Jonathan A. Bont*

        Jonathan A. Bont, # 28476-49  
        Frost Brown Todd LLP  
        111 Monument Circle, Suite 4500  
        Indianapolis, IN  46204  
        Telephone:   (317) 237-3800  
        Facsimile:    (317) 237-3900  
        Email:         jbont@fbtlaw.com

Counsel for Defendant, Thomas Cade Martin

## CERTIFICATE OF SERVICE

   I hereby certify that on May 22, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to the following parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                */s/ Jonathan A. Bont*
                Jonathan A. Bont# 28476-49

0153082.0767429   4866-1840-8893v1